## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## MACON DIVISION

| | |
|---|---|
| **BRANDON MORRALL,** : | |
| : | |
| **Plaintiff,** : | |
| v. : | Case No. 5:25-cv-258-TES-CHW |
| : | |
| **GEORGIA DEPARTMENT OF** : | |
| **CORRECTIONS,** *et al.*, : | |
| : | |
| **Defendants.** : | |
| : | |

### ORDER AND RECOMMENDATION

Plaintiff Brandon Morall, a prisoner who is incarcerated at Macon State Prison in Oglethorpe, Georgia, filed a *pro se* Complaint seeking relief pursuant 42 U.S.C. § 1983 (ECF No. 1). Plaintiff also filed a motion to proceed *in forma pauperis* ("IFP") in this case (ECF No. 2) and a motion for "temporary relief" (ECF No. 3). In addition, another of Plaintiff's pending cases was recently consolidated into the above-captioned action. *Morall v. Sampson*, 5:25-cv-104-CAR-AGH (M.D. Ga. May 16, 2025) ("*Morall I*"). For the following reasons, Plaintiff's motion to proceed IFP is **GRANTED,** and Plaintiff is **ORDERED** to recast his Complaint on one of the Court's standard forms if he wishes to proceed with his claims. It is **RECOMMENDED** that Plaintiff's motion for temporary relief (ECF No. 3) be **DENIED.**

### MOTION TO PROCEED IN FORMA PAUPERIS

As noted above, Plaintiff moved to proceed IFP in this case. Federal law bars a prisoner from bringing a civil action in federal court *in forma pauperis*

> if [he] has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon

which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). This is known as the "three strikes provision." Under § 1915(g), a prisoner incurs a "strike" any time he has a federal lawsuit or appeal dismissed on the grounds that it is (1) frivolous, (2) malicious, or (3) fails to state a claim. *See Medberry v. Butler*, 185 F.3d 1189, 1192 (11th Cir. 1999); *see also Daker v. Comm'r, Ga. Dep't of Corr.*, 820 F.3d 1278, 1283-84 (11th Cir. 2016) (confirming that "these three grounds are the *only* grounds that can render a dismissal a strike"). Once a prisoner incurs three strikes, his ability to proceed *in forma pauperis* in federal court is greatly limited. Leave to proceed *in forma pauperis* may not be granted unless the prisoner is under imminent danger of serious physical injury. *Medberry*, 185 F.3d at 1192.

A review of court records on the Federal Judiciary's Public Access to Court Electronic Records ("PACER") database reveals that Plaintiff has filed multiple federal lawsuits and appeals and that at least three of his complaints have been dismissed for failure to state a claim. *See* Order Adopting R. & R., *Morrall v. Sprayberry*, Case No. 4:20-cv-00270-HLM (N.D. Ga. Dec. 29, 2020) (dismissing for failure to state a claim), ECF No. 11; Order Adopting R. & R., *Morrall v. Sprayberry*, Case No. 4:20-cv-00171-HLM (N.D. Ga. Sept. 2, 2020) (dismissing for failure to state a claim), ECF No. 12; Order Adopting R. & R., *Morrall v. Sprayberry*, Case No. 4:19-cv-00122-WMR (N.D. Ga. Sept. 3, 2019) (dismissing for failure to state a claim), ECF No. 7. Plaintiff is therefore barred from proceeding in this action IFP unless he is in "imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

Consequently, the Court must determine whether Plaintiff's "complaint, as a whole, alleges imminent danger of serious physical injury." *Brown v. Johnson*, 387 F.3d 1344, 1350 (11th Cir. 2004). To qualify for this exception, a prisoner must allege specific facts, as opposed to "general

assertion[s]," that describe an "ongoing serious physical injury or . . . a pattern of misconduct evidencing the likelihood of imminent serious physical injury." *Id.* (citation omitted). Complaints about past injuries are not sufficient. *See Medberry*, 185 F.3d at 1193 (holding that the exception was not triggered where threat of assault by other prisoners ceased to exist when the plaintiff was placed in administrative confinement prior to filing his complaint); *Brown*, 387 F.3d at 1349. "[G]eneralized references to being in danger or being subject to abuse, . . . [which] are conclusory, vague, and unsupported by any well-pleaded factual allegations" are not sufficient to show imminent danger. *Rodriguez v. Am. Civil Liberty Union*, No. 3:23-cv-16482-LC-HTC, 2023 WL 11937262, at *2 (N.D. Fla. July 5, 2023).

Plaintiff asserts he is housed in a segregation unit at Macon State Prison that is "constantly unmanned." ECF No. 1 at 5. Because of the understaffing in his unit, "[i]nmates are being killed or beaten near death repeatedly . . . and the assailants are going unpunished because no one is around to see what happened." *Id.* Plaintiff further states he has been attacked at least three times at Macon State Prison when "no staff was around" and that he has been "having problems" with other inmates at Macon State Prison but has not been moved to another prison despite his requests for such relief. *Id.* at 6-7. Accepting these allegations as true, they are sufficient to show that Plaintiff is in imminent danger of serious physical injury and that he may proceed IFP if he qualifies financially. As it appears Plaintiff is unable to pay the cost of commencing this action, his application to proceed IFP is **GRANTED**.[1]

---

[1] In the prior case that has been consolidated into this one, Plaintiff's allegations that he and other inmates have been assaulted for being homosexual were found to be sufficient to show that he was entitled to the imminent danger exception. *See generally* ECF No. 4 in *Morall v. Sampson*, 5:25-cv-104-CAR-AGH (M.D. Ga. May 16, 2025) ("*Morall I*").

3

A prisoner allowed to proceed IFP must still pay the full amount of the $350.00 filing fee. 28 U.S.C. § 1915(b)(1). If the prisoner has sufficient assets in his trust account, he must pay the filing fee in a lump sum. If sufficient assets are not in the account, the court must assess an initial partial filing fee based on the assets available. Despite this requirement, a prisoner may not be prohibited from bringing a civil action because he has no assets and no means by which to pay the initial partial filing fee. 28 U.S.C. § 1915(b)(4). In the event the prisoner has no assets, payment of the partial filing fee prior to filing will be waived.

Plaintiff's submissions indicate that he is unable to pay the initial partial filing fee. Accordingly, it is **ORDERED** that his complaint be filed and that he be allowed to proceed without paying an initial partial filing fee.

I.      Directions to Plaintiff's Custodian

Plaintiff is required to make monthly payments of 20% of the deposits made to his prisoner account during the preceding month toward the full filing fee. The clerk of court is **DIRECTED** to send a copy of this Order to the business manager of the facility in which Plaintiff is incarcerated. It is **ORDERED** that the warden of the institution in which Plaintiff is incarcerated, or the sheriff of any county in which he is held in custody, and any successor custodians, shall each month cause to be remitted to the clerk of this Court twenty percent (20%) of the preceding month's income credited to Plaintiff's account at said institution until the $350.00 filing fee has been paid in full. 28 U.S.C. § 1915(b)(2). In accordance with provisions of the Prison Litigation Reform Act ("PLRA"), Plaintiff's custodian is authorized to forward payments from the prisoner's account to the clerk of court each month until the filing fee is paid in full, provided the amount in the account exceeds $10.00. It is **ORDERED** that collection of monthly payments from Plaintiff's trust fund account continue until the entire $350.00 has been collected, notwithstanding the

dismissal of Plaintiff's lawsuit or the granting of judgment against him prior to the collection of the full filing fee.

II.     Plaintiff's Obligations Upon Release

Plaintiff should keep in mind that his release from incarceration/detention does not release him from his obligation to pay the installments incurred while he was in custody. Plaintiff remains obligated to pay those installments justified by the income in his prisoner trust account while he was detained. If Plaintiff fails to remit such payments, the Court authorizes collection from Plaintiff of any balance due on these payments by any means permitted by law. Plaintiff's Complaint may be dismissed if he is able to make payments but fails to do so or if he otherwise fails to comply with the provisions of the PLRA.

## ORDER TO RECAST

Because *Morall I* was consolidated into the above-captioned action, there are presently two sets of claims before the Court. To ensure that each of Plaintiff's claims is preserved, he is **ORDERED** to recast his Complaint on the Court's standard form within **FOURTEEN (14) DAYS** of the date of this Order. When doing so, Plaintiff must write legibly. Plaintiff must list each Defendant in the heading of his complaint. In the body of his complaint, Plaintiff must again list each Defendant by name and tell the Court exactly how and when that Defendant allegedly violated Plaintiff's constitutional or federal statutory rights. Plaintiff's complaint should be no longer than ten (10) pages. This ten-page limitation includes (and is not in addition to) the pre-printed pages of the Court's standard form. **The Court will not consider any allegations in any other document, or any allegations not contained within those ten pages, to determine whether Plaintiff has stated an actionable claim.**

...

Plaintiff is hereby notified that only one sole operating complaint is permissible, and his recast complaint will take the place of his original complaint. *See Hoefling v. City of Miami*, 811 F.3d 1271, 1277 (11th Cir. 2016) (stating that when an amended complaint is filed, the previously filed complaint becomes "a legal nullity"); *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1219 (11th Cir. 2007). The Court will not refer to any previous complaints or attachments to determine if Plaintiff has stated a claim.

## MOTION FOR TEMPORARY RELIEF

Plaintiff also filed a motion for "temporary relief," which the Court construes as a motion for a temporary restraining order ("TRO") or preliminary injunctive relief. In this motion, Plaintiff alleges he is in currently in "danger . . . at these understaffed prisons" and requests an order directing Department of Corrections Commissioner Tyrone Oliver "to immediately ship [Plaintiff] to his fully manned facility at Alburus [sic] State Prison at Forsyth, Ga." ECF No. 3 at 1.

A TRO or preliminary injunction is a drastic remedy used primarily to preserve the status quo rather than grant most or all of the substantive relief sought in the complaint. *See, e.g., Cate v. Oldham*, 707 F.2d 1176, 1185 (11th Cir. 1983); *Fernandez-Roque v. Smith*, 671 F.2d 426, 429 (11th Cir. 1982).[2] Factors a movant must show to be entitled to a TRO include: "(1) a substantial likelihood of ultimate success on the merits; (2) the TRO is necessary to prevent irreparable injury; (3) the threatened injury outweighs the harm the TRO would inflict on the non-movant; and (4) the TRO would serve the public interest." *Ingram v. Ault*, 50 F.3d 898, 900 (11th Cir. 1995) (per curiam).

---

[2] The standard for obtaining a TRO is the same as the standard for obtaining a preliminary injunction. *See Parker v. State Bd. of Pardons & Paroles*, 275 F.3d 1032, 1034-35 (11th Cir. 2001) (per curiam); *Windsor v. United States*, 379 F. App'x 912, 916-17 (11th Cir. 2010) (per curiam).

6

Plaintiff does not clearly address these factors in his Complaint, and at this juncture the facts have not been sufficiently developed to conclude that there is a substantial likelihood that Plaintiff will ultimately prevail on the merits. Furthermore, the Defendants have not been served or had a meaningful opportunity to respond to Plaintiff's allegations. Fed. R. Civ. P. 65(a)(1). Defendants should be afforded an opportunity to respond to Plaintiff's allegations, and any claims for injunctive relief can be addressed as this case proceeds. Accordingly, it is **RECOMMENDED** that Plaintiff's motion for temporary relief (ECF No. 3) be **DENIED.**

## CONCLUSION

For the foregoing reasons, Plaintiff's motion to proceed *in forma pauperis* (ECF No. 2) is **GRANTED**, and Plaintiff is **ORDERED** to recast his Complaint on the Court's standard form in accordance with the directions above. It is **RECOMMENDED** that Plaintiff's motion for a preliminary injunction or TRO (ECF No. 3) be **DENIED.** The Clerk is **DIRECTED** to send Plaintiff a copy of the Court's standard forms that Plaintiff should use to file his recast complaint, marked with the case number of this case**. Failure to fully and timely comply with the Court's orders and instructions will likely result in the dismissal of this case.** There shall be no service of process until further Order of the Court.

## OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to these recommendations with the Honorable Tilman E. Self, III, United States District Judge, **WITHIN FOURTEEN (14) DAYS** after being served with a copy of this Recommendation. Any objection is limited in length to **TWENTY (20) PAGES**. *See* M.D. Ga. L.R. 7.4. The parties may seek an extension of time in which to file written objections, provided a request for an extension is filed prior to the deadline for filing written objections. Failure to object in accordance with the

provisions of § 636(b)(1) waives the right to challenge on appeal the district judge's order based on factual and legal conclusions to which no objection was timely made. *See* 11th Cir. R. 3-1.

**SO ORDERED AND RECOMMENDED**, this 22nd day of August, 2025.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge